[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff, Carol C. Rummel, commenced this action by complaint dated January 6, 1992 claiming a dissolution of marriage, restoration of birth name and such other relief as the court might deem equitable.
This complaint was initiated by the Plaintiff pro se.
The Defendant appeared by counsel on January 13, 1992.
The return date on the pro se complaint was January 21, 1992.
The Plaintiff retained counsel who appeared for her on March 16, 1992.
The matter was claimed for the family relations trial list by Plaintiff's counsel on March 16, 1992.
The Plaintiff by counsel requested leave to amend her complaint on April 30, 1992 and did in fact amend the complaint requesting now in addition to the original requests in her prayer for relief alimony, an equitable share in Defendant's pension, contribution to Plaintiff's attorney's fees and medical coverage for the statutory period.
No temporary orders had been entered by the court prior to the trial.
The trial was held on June 25 and June 26, 1992 at which time both parties were present and represented by counsel.
The Plaintiff proceeded on the amended complaint at time of trial.
The only document filed by the Defendant except CT Page 6549 for counsel's appearance and the financial affidavit appears to be a motion for compliance dated May 20, 1992.
The court finds the following facts as proven.
1. The Plaintiff, whose birth name was Carol L. Casserino, and the Defendant were intermarried on April 16, 1977 at Westbrook, Connecticut.
2. The Plaintiff and the Defendant have each resided continuously within the State of Connecticut for at least one year next preceding the date of the filing of the complaint.
3. The Plaintiff and the Defendant have no minor children issue of their marriage.
4. The State of Connecticut is not contributing to the support of either the Plaintiff or the Defendant.
5. The marriage between the parties has broken down irretrievably without reasonable prospect for reconciliation.
6. The Plaintiff and the Defendant have been separated since October, 1991.
7. The Defendant is a Construction Projects Supervisor for Fusco Corporation and has been employed by that firm for many years.
The Defendant is 41 years old.
The Defendant's education extended thru high school.
8. The Plaintiff is a Secretary-Bookkeeper for Casserino's Moving and Storage and has been so employed for many years.
The Plaintiff is age 45.
Plaintiff's education consisted of four years of high school and one year of secretarial school.
Plaintiff describes her health as excellent.
The present union is the Plaintiff's second marriage.
9. According to the financial affidavits filed, CT Page 6550 the Plaintiff's weekly gross income is $275.00 net $202.65, the Defendant's weekly gross income is $828.40, net $547.30.
10. At the time of the marriage the Plaintiff owned certain real estate situated at 331 Seaside Avenue, Westbrook, and an interest in a piece of commercial property situated on Pease Avenue in Middletown.
During the course of the marriage the Plaintiff acquired an interest in a condominium unit with her brother and mother.
The Plaintiff has owned the Seaside Avenue premises since 1974 and her interest in the Pease Avenue property since 1976.
After the marriage in 1977 the Defendant moved into the Seaside Avenue residence.
11. The Plaintiff paid the expenses on the Seaside Avenue property from income derived from the Pease Avenue premises.
12. The Plaintiff encumbered the Seaside Avenue property with a mortgage incident to acquiring her interest in the Florida Condo.
13. The Defendant's earnings have always been markedly greater than the Plaintiff's and the Defendant's earnings have steadily increased over the years of the marriage.
14. The Defendant used alcohol immoderately on a regular basis eventually resulting in his requiring medical treatment and treatment for excessive use of alcohol in a treatment facility in Avon for several weeks in October of 1991.
15. A number of years ago the Defendant had sustained a severe electrical shock while working under the residence on Seaside Avenue and thereafter suffered from anxiety attacks.
16. After treatment at the Avon facility the Defendant did not return home but went to reside with his parents.
17. The Plaintiff has a daughter Lisa Sandberg issue of her first marriage, which child is now age 22 and who has just graduated from Loyola College. CT Page 6551
This child's support and education was borne solely by the Plaintiff.
18. The Plaintiff has allowed the Defendant to take and have such items of furnishings and personalty as he desired from the Seaside Avenue residence.
19. Defendant never asserted or claimed any interest in the Seaside Avenue property until after the separation of the parties.
20. No formal real estate appraisals by any competent appraiser were made available to the court at time of trial.
21. The Seaside Avenue property is a seven room structure, year round home on a lot of 80 X 100 feet with a water view of Long Island Sound.
22. The Pease Avenue property is a warehouse which is rented out and Plaintiff's interest therein was acquired from her parents in 1976. The warehouse property is encumbered with an $85,000.00 mortgage.
23. The Florida condo occupied by Plaintiff's mother is allegedly free and clear.
24. The present union is the Defendant's first marriage.
25. The Defendant undertook a wide variety of projects concerning the Seaside Avenue property including carpentry, painting, wiring, window installations, landscaping and grounds care, sidewalks and driveway.
26. Defendant's habit was to give Plaintiff his check each week and retain $120.00 + — of said funds for personal spending money and the balance going to living expenses for the Plaintiff and Defendant.
27. Defendant was not apprised of the mortgage that was placed on the Seaside Avenue property to secure funds for the Florida purchase but of course, he was not a required participant because he was not one of the owners of record.
28. The anxiety attacks which Defendant suffered after the electrical shock mishap probably contributed to Defendant's immoderate use of alcohol. CT Page 6552
29. The Plaintiff and the Defendant fell into a pattern where they did very little together as husband and wife.
30. At the time of the pendency of the pro se complaint the Defendant's only demand was that the bank accounts of the parties be evenly apportioned and any certificates of deposits be retained in the name of the party who held the same, which was done.
31. The Plaintiff is entitled to certain income from her interest in the Pease Avenue property which amounts to approximately $15,000.00 a year. While the Plaintiff pays taxes on said income it has been her practice to plow this money back into the business.
32. The court finds that the fault for the breakdown of the marriage should not be attributed to a greater extent to either the Plaintiff or the Defendant.
33. As indicated above the court was not provided with any real estate appraisals.
After reviewing all the facts found, the evidence presented and the statutory criteria set forth in Conn. Practice Statutes Sec. 46b-81 (a)(b)(c) and 46b-82
the court enters the following orders.
1. Decree of dissolution
A decree of dissolution may enter on the ground of irretrievable breakdown.
2. Restoration of Birth name
The court grants Plaintiff's request for restoration of her birth name of Carol L. Casserino.
3. Real Estate
The Plaintiff may retain her interest in the following described parcels of real property.
A. 331 Seaside Avenue, Westbrook
B. Pease Avenue, Middletown
C. Fort Lauderdale, Florida CT Page 6553
As noted above the Plaintiff had acquired an interest in the Seaside Avenue and Pease Avenue premises prior to the marriage of the parties and the income from Pease Avenue or Plaintiff's earnings in the main supported the taxes, insurance and maintenance at Seaside Avenue.
4. Jewelry and Personalty
The Plaintiff may keep and retain the fur coat and jewelry reflected on her financial affidavit.
5. Motor Vehicles
The Plaintiff may retain the two Buick automobiles shown on her financial affidavit.
6. Debts
The Plaintiff shall be responsible for the payment of the debt (student loan) shown on her financial affidavit.
7. Furnishings
The Plaintiff and Defendant have on an earlier occasion divided their furniture and furnishings to the satisfaction of each.
8. Bank Accounts
The Plaintiff may retain the Liberty Bank savings and checking accounts shown on her financial affidavit.
The Defendant may retain the Farmers and Mechanics savings and checking accounts shown on his financial affidavit.
9. Insurance
The Plaintiff may retain the Metropolitan policy shown on her financial affidavit.
The Defendant may retain the Metropolitan policy shown on his financial affidavit.
10. Pension or I.R.A. Accounts
The Plaintiff may retain the I.R.A. shown on her financial affidavit. CT Page 6554
The Defendant may retain the New England Savings Bank I.R.A., the Liberty Bank I.R.A. and his Pension fund and annuity fund as reflected on his financial affidavit.
11. Alimony
Based on the testimony and the expressed position, of the parties, the court makes no award of alimony to either party.
12. Attorney and Counsel Fees
The Plaintiff shall be responsible for her Attorney's fees.
The Defendant shall be responsible for his Attorney's fees.
13. Statutory Medical Coverage
The Plaintiff shall have the right to avail herself of medical benefits under the Defendant's medical coverage for the statutory period allowed at her cost and expense.
The Court has carefully weighed and considered the testimony and has carefully evaluated the conduct and demeanor of the parties through out the proceedings.
It is so ordered.
AUSTIN, J.